## Case No. 12,326.

### The SANTA CLAUS.

[1 Blatchf. 370.] [1]

Circuit Court, S. D. New York. Oct. Term, 1848.[2]

COLLISION—ON HUDSON RIVER—LIGHTS—WHOLLY IN FAULT.

Where a collision occurred between two steam vessels, the O. and the S., on the Hudson river, the former going up and the latter down, and it appeared that the O. had but one light, that the night was dark and the weather thick and cloudy, and that, under those circumstances, a vessel carrying but one light, though moving, appears to an approaching vessel as if at anchor, and her course can be determined only when very near, *held*, that even though the S. mistook the position of the O., yet as the want of two lights on the O. was calculated to and probably did mislead, the S. was not wholly in fault.

[Appeal from the district court of the United States for the Southern district of New York.]

George W. Aspinwall and others, owners of the propeller Ocean, filed a libel in rem, in the district court, against the steamboat Santa Claus, to recover damages caused to the former vessel by a collision with the latter in the night time, on the Hudson river, just above Dunderbarrack Point, about 42 miles from New York, the propeller being bound up the river and the steamboat coming down. Both vessels were very much injured. The district court decreed in favor of the libellants [Case No. 12,327], and the claimants appealed to this court. The answer was amended in this court, and a large amount of additional evidence was taken, which varied the case altogether from that presented below. The facts sufficiently appear from the opinion of the court.

Erastus C. Benedict, for libellants.
Edward Sandford, for claimants.

NELSON, Circuit Justice. The proofs in the court below and those on appeal leave no doubt whatever—First, that the propeller had but one light on board at and for some time before the happening of the collision; and secondly, that in a night as dark as the night of the collision, the weather being thick and cloudy, a vessel carrying but one light, although moving, appears to persons on board an approaching vessel as if she were remaining fast at anchor, and that it is very difficult, if not impossible, for the latter to determine the course of the former, until near enough to discern the situation of her hull.

Two steamboats that met the propeller the same night below where the collision occurred came near running afoul of her on account of the above embarrassments, and only avoided the disaster by a rank sheer on discovering that she was in motion. They happened to be in a position where they had

room enough to escape by this manœuvre. This seems to have been the impression of the court below on the proofs, but the fault was supposed to be countervailed and overcome by the answer, which was considered as admitting that the position and course of the propeller were seen by the steamboat in season to have avoided her. That ground is now removed by an amendment of the answer, and the decision must depend on the effect of the evidence. This is full and undeniable, both upon the point that the propeller had but one light, and also in respect to the effect of that upon a vessel approaching.

Under these circumstances it is impossible to hold that the steamboat was wholly in fault. Even admitting that she misapprehended the position of the propeller as she was coming around Dunderbarrack Point, as held by the court below (and in which view I am inclined to concur), yet, inasmuch as the want of a second light on the propeller was calculated to mislead and probably did mislead, the steamboat ought not to be held exclusively responsible for the consequences.

I agree that, upon the evidence, it is somewhat difficult to determine which of the vessels was in fault, the hands on each maintaining the proper navigation of their own vessel. I do not think the steamboat was in fault in taking the western side of the channel. If she was in fault at all it was in not discovering that the propeller was hugging or intending to hug the western shore and in not passing outside of her. But she may have been misled by the propeller's having but one light, till it was too late to correct the mistake. Although I would not hold the propeller responsible for the damage to the steamboat, I do not think the latter should, under the circumstances, be held responsible for the damage to the former.

Judgment reversed, without costs.